# Evelyne Pitts *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Trolley cars—Passengers alighting from—Evidence—Charge of court—Comment on testimony.*

In an action of trespass to recover damages for personal injuries, the case is for the jury, and a verdict for plaintiff will be sustained, where the evidence of the latter, although contradicted, was that while alighting from the car she was thrown to the ground by the negligent operation of the movable steps.

396 PITTS v. PHILA. RAPID TRANSIT CO., Appel.

In such case it was not error for the trial judge to charge that a person losing his equilibrium may take two or three steps in an effort to regain his balance.

Where the evidence was impartially submitted, the trial judge may in his charge express an opinion and comment on the testimony of the witnesses or parties, provided he leave the jury free to decide the case on the evidence.

Argued November 13, 1924. Appeal, No. 198, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1923, No. 133, on verdict for plaintiff in the case of Evelyne Pitts v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*David I. Scanlon,* for appellant.

*F. Carroll Fow,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff recovered a judgment for injuries caused, as she alleged, by the negligence of an employee of the defendant when she was alighting from a street car in which she had been a passenger. The exit was by a door at the middle of the car; the step was lifted when the door was closed. The plaintiff alleged that as she was alighting from the lower car step, the latter was raised so that she was thrown forward and caused to fall on the

street pavement as a result of which a knee cap was broken, her face was bruised and other injuries were sustained. The plaintiff's evidence contained a clear description of the occurrence and was sufficient, if credited, to make out a case. The complaint of the appellant is that a portion of the charge set forth in the first assignment was misleading and that it introduced into the case a different theory from that advanced by the plaintiff or the defendant. The plaintiff had testified that she fell right beside the car. In answer to a question on cross-examination: "Could you tell us how far—a foot or two feet or five feet?" she said: "I could not discern that because I know I was right beside the car, but the car was back of me." She was rendered unconscious by the fall and when she regained consciousness was lying in the street. Two of the defendant's witnesses testified that she took a step or two from the step of the car before falling, and the conductor stated she was clear of the car; that she was about six feet from the center exit door of the car. It was dark at the time, and one of the witnesses referred to said he could not see the step and another said she did not see the plaintiff fall. There was a discrepancy in the testimony of two of the defendant's witnesses as to whether she moved directly toward the street curb, or stepped along the side of the car after alighting. The learned trial judge in referring to this evidence said it was for the consideration of the jury whether the alleged lifting of the bottom step of the car tended to explain an apparent contradiction between the testimony of the plaintiff and witnesses for the defendant, who stated that the plaintiff took a step or two after she alighted from the car before she fell. The comment of the court was that a person losing his equilibrium may take two or three steps in an effort to regain his balance, and that the testimony of these witnesses might be consistent with the plaintiff's allegation, but in the same connection the court directed the jury to review all the evidence with care in answering the question of liability.

The language of the court was: "You are merely to determine whether or not you believe the weight of the evidence convinces you of the truth that this woman was injured as a result of the negligence of this defendant? That the defendant failed to give her an opportunity to reach a point of safety outside of that car as she attempted to alight from it? If they raised the step while she had one foot on it, and threw her into the street, the defendant is liable. If that step was at all times down and the conductor did not raise it, and she had walked away from that car and then for some reason or other fell, then, of course, it would be unjust to attach liability for that accident on the defendant. Just as you determine that fact just stated, your verdict will be either for the plaintiff or the defendant." This was certainly an unbiased and clear submission to the jury of the matter for their determination. We are not convinced that the reference to the suggested reconciliation of the testimony of the plaintiff and some of the witnesses for the defendant as to the step or two taken after the plaintiff was on the street was an unwarranted comment by the court. It has been held that the trial judge may in his charge express an opinion and comment on the testimony, the witnesses, or parties, provided he leave the jury free to decide the case on the evidence: Lappe v. Gfeller, 211 Pa. 462; Halfman v. Insurance Co., 160 Pa. 202. The court's reference was to a matter of very common observation and experience. The jury was not directed to adopt any theory nor were they in any way controlled by the charge in arriving at the verdict. The evidence for the defendant was all reviewed and the case impartially submitted. We think therefore that the error assigned is not supported by the record, the whole charge being taken into consideration.

The judgment is affirmed.